UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
ROGER and ELISE MURRAY,            )
                                   )   No. C12-1854RSL
                Plaintiffs,        )
        v.                         )
                                   )   ORDER GRANTING IN PART
SOUTHERN ROUTE MARITIME, S.A.,     )   PLAINTIFF'S MOTION FOR
*et al.*,                          )   PROTECTIVE ORDER
                                   )
                Defendants.        )
_____)

This matter comes before the Court on "Plaintiffs' Motion for Protective Order and to Quash Subpoena." Dkt. # 53. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**A. Applicability of Non-Testifying Expert Privilege**

Despite the fact that Ms. Murray hoped that the evaluation performed at the Chicago Electrical Trauma Research Institute ("CETRI") in 2011 would lead to better treatment options for her husband, the record shows that the driving force behind the consultation was plaintiffs' counsel's litigation needs. Counsel identified, contacted, and retained CETRI to

---

[1] Contrary to the requirements of LCR 7(g)(1), defendants did not file a notice of intent to file a sur-reply. Because the Court had already drafted this order when the sur-reply was filed, the evidentiary objections have not been considered except as discussed below.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER

review Mr. Murray's medical records and generate a report regarding diagnosis and causation. Only then did Ms. Murray reach out to her husband's treating physicians in Seattle, apparently in the vain hope of obtaining insurance proceeds to help offset the costs of the consultation. It is undisputed that CETRI's report was never used as a treatment plan or shared with plaintiff's treating physicians.

The Court finds that CETRI was consulted "in anticipation of litigation." Because plaintiffs do not expect CETRI or its employees to be called as witnesses at trial, defendants would ordinarily not be entitled to discover facts known or opinions held by the non-testifying experts under Fed. R. Civ. P. 26(b)(4)(D). Defendants have not shown that Rule 35 applies or "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(i) and (ii). Mr. Murray's condition and status during the relevant time frame is recorded in other medical records, and defendants could, if they choose, seek a medical evaluation under Fed. R. Civ. P. 35(a) and/or hire their own consulting expert.

**B. Waiver**

The issue, then, is whether plaintiffs waived the non-testifying expert privilege when they produced CETRI's report to Mr. Murray's employer, Eagle Marine Services, Ltd., in March 2012. At the time, Mr. Murray was pursuing a claim for worker's compensation benefits against Eagle Marine Services and disclosed the report in an effort to settle that case. Plaintiffs argue that the privilege afforded by Rule 26(b)(4)(D) cannot be waived or that, if waiver does apply, it is not supported by the facts in this case.

While there are a number of cases that question whether the non-testifying expert privilege can be waived, very few actually make a finding that waiver is inapplicable. See U.S. Inspection Servs. v. NL Engineered Solutions, 268 F.R.D. 614, 624-25 (N.D. Cal. 2010) ("Here, the Court need not resolve the question of whether waiver is even possible under Rule

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER              -2-

26(b)(4)(B).")[2]  The vast majority of cases find or assume that waiver applies and proceed to make the necessary factual determinations based on the record presented.  See Appleton Papers, Inc. v. Envt'l Prot. Agency, 702 F.3d 1018, 1024-25 (7th Cir. 2012) (noting that "once a party relies on the research of a non[-]testifying expert, it falls out of the protection of [Rule 26(b)(4)(D)] and becomes freely discoverable."); In re Chevron Corp., 633 F.3d 153, 164 n.17 (3rd Cir. 2011) ("We agree with the District Court that the non-testifying expert privilege . . . is not applicable here because, by providing consulting expert reports to a testifying expert, the privilege is lost.") (internal alterations omitted); Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd., 296 F.R.D. 3, 8 (D.D.C. 2013) ("While there is contrary authority that suggests that the protections afforded by Rule 26(b)(4)(D) are subject to waiver, the Court finds that these cases do not call for waiver in the precise circumstances presented here.").  The Court finds that the majority rule is persuasive.  The right to keep the opinions of non-testifying experts secret is based on the same concerns that motivate the work product doctrine:  counsel must have a safe space in which to investigate, analyze, and prepare his client's case without fear that the opposing party will be able to exploit his efforts.  See U.S. v. Fort, 472 F.3d 1106, 1116 (9th Cir. 2007); Admiral Ins. Co. v. U.S. Dist. Court for the Dist. of Ariz., 881 F.2d 1486, 1494 (9th Cir. 1989).  Neither plaintiffs nor the cases on which they rely offer a persuasive reason why the non-testifying expert privilege should be maintained despite a knowing and intelligent disclosure when virtually every other privilege, including the attorney-client privilege and work product protections, are subject to waiver.  See Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010).  The Court finds that if the facts known or opinions held by a non-testifying expert are intentionally disclosed or used in a way that is contrary to the purpose of the privilege, waiver may apply.

---

[2] Former Rule 26(b)(4)(B) was renumbered 26(b)(4)(D) in the 2010 Amendments.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER             -3-

Plaintiffs argue that their disclosure to Eagle Marine Services was not antithetical to the purposes of the non-testifying expert privilege because Eagle Marine Services is not involved in this litigation and the disclosure occurred in a different case. The work product doctrine exists to protect an attorney's work (including evaluations obtained from non-testifying experts) from falling into an adversary's hands. Not every disclosure works against that purpose. If, for example, plaintiffs had given a copy of the CETRI report to one of his treating physicians[3] or a third-party with whom it shared an interest and had a reasonable expectation that the report would be kept confidential, the Court would be hard-pressed to find that they had acted adversely to the purposes of the privilege. Such disclosures would not substantially increase the opportunities for potential adversaries to obtain the information or suggest a conscious disregard of the risk that adversaries would obtain the report. See Appleton Papers, 702 F.3d at 1025; Westinghouse Elec. Corp. v. Rep. of Philippines, 951 F.2d 1414, 1431 (3rd Cir. 1991).

In the circumstances presented here, however, that conclusion is obvious. Plaintiffs turned the CETRI report over to their opponent in an on-going worker's compensation case. The record suggests that plaintiffs' belief that the CETRI report is subject to the non-testifying expert privilege is of relatively recent vintage: when they provided it to Eagle Marine Services in March 2012, they did not identify CETRI as a litigation consultant, assert the privilege, or request confidentiality. The transferring email stated simply "Attached is the evaluation of Mr. Murray from Chicago. Please advise regarding the potential for resolving the current issues in this case." Second Decl. of C. Steven Fury (Dkt. # 64), Ex. 19. Both the adversarial nature of the relationship between plaintiffs and Eagle Marine Services at the time

---

[3] Because this case does not involve a claim that plaintiffs have unfairly used the privilege as a sword, the Court need not determine whether a disclosure to a treating physician who then uses the opinions set forth in the CETRI report to guide future treatment options would constitute a waiver.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER           -4-

and the absence of any suggestion of privilege or request for confidentiality are apparent. The mere fact that the parties were attempting to settle the litigation did not create a community of interests that would impose an obligation of confidentiality on Eagle Marine Services. Where a party has chosen to disclose a privileged document to an adversary with no reasonable expectation of privacy, the disclosure is antithetical to the reasons for the non-testifying expert privilege and constitutes a waiver. In addition, the two cases at issue here are related in such a way that plaintiffs should reasonably have expected that Mr. Murray's employer would share information it had regarding plaintiffs' claim with its parent and sister companies, including the operators of the vessel on which he was injured. Plaintiffs' voluntary disclosure to Eagle Marine Services substantially increased the likelihood that opposing parties would gain access to the report and suggests conscious disregard of the privileged nature of the document.

**C. Scope of the Waiver**

The non-testifying expert privilege protects from disclosure "facts known or opinions held" by the expert. Fed. R. Civ. P. 16(b)(4)(D). Although plaintiffs' disclosure of the CETRI report waived the privilege as to that document, they have preserved the confidentiality of the underlying examination records and any unreported facts or opinions held by the examining experts. Plaintiffs still have an interest in benefitting from some part of their litigation preparation, and this interest is at the core of the work product doctrine and the non-testifying expert privilege. While a party cannot shield the material which it has already disclosed or on which its witnesses rely, where the disclosure is limited, the waiver applies only to the matters disclosed or relied upon. The purposes of the privilege are advanced if "[u]ndisclosed work product remains protected." Appleton Papers, 702 F.3d at 1026.

**D. Motion to Strike**

The Court has not considered the last two sentences of ¶ 13 or ¶ 15 of the Declaration of Barbara L. Holland (Dkt. # 59).

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER              -5-

For all of the foregoing reasons, plaintiffs' motion for a protective order and to quash subpoenas is GRANTED in part and DENIED in part. Plaintiffs have waived the non-testifying expert privilege as to the CETRI report. Defendants' March 27, 2014, records subpoena and the April 3, 2014, deposition subpoena to CETRI are quashed.

Dated this 28th day of April, 2014.

Robert S. Lasnik
United States District Judge