UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ROGER and ELISE MURRAY,            )
                                   )   No. C12-1854RSL
            Plaintiffs,            )
                                   )
       v.                          )
                                   )   ORDER GRANTING IN PART
SOUTHERN ROUTE MARITIME, S.A.,     )   DEFENDANTS' MOTION TO
*et al.*,                          )   TAKE ADDITIONAL DEPOSITIONS
                                   )
            Defendants.            )
_____)

This matter comes before the Court on "Defendants' Motion fo Leave to Take Additional Depositions and for Related Extension of Discovery Deadline." Dkt. # 60. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Defendants argue that the ten-deposition limit imposed by Fed. R. Civ. P. 30(a)(2)(A)(i) needs to be increased because this case is unusually complex, as demonstrated by the fact that plaintiffs have identified 168 witnesses, including fourteen experts. Defendants seek permission to depose eight additional witnesses[1] and request an extension of the May 11, 2014, discovery cutoff in order to conduct the depositions.

---

[1] Defendants initially sought permission to take seventeen additional depositions, but the Court has already determined that defendants may not depose the staff at CETRI.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO TAKE ADDITIONAL DEPOSITIONS

1    Despite the rhetoric and the number of witnesses,[2] this case is not particularly
2 complex.  Mr. Murray alleges that he was shocked by an electric current while working on
3 defendants' vessel and that he has suffered significant and diverse physical injuries as a result
4 thereof.  He has, however, been unable to specify how he came into contact with an electric
5 current, and there do not appear to be any eye witnesses.  Defendants are prepared to argue that
6 Mr. Murray was not, in fact, shocked while working on the vessel or, in the alternative, that the
7 event was minor and the injuries of which he complains are not causally connected to the
8 electrocution.  None of these issues is "novel" or otherwise difficult to comprehend:  they do not
9 justify a near doubling of the number of depositions specified in the rules.

10    Although plaintiffs have opposed defendants' motion on the grounds that (a)
11 additional depositions are unnecessary and (b) the request for the depositions came too late in
12 the discovery period, the record shows that plaintiffs were, up to a certain point, willing to allow
13 defendants to exceed the ten-deposition limit.  Pursuant to the case management schedule,
14 plaintiffs disclosed their experts and provided reports on March 12, 2014.  Defendants
15 immediately indicated that they would need an extension of the discovery cutoff to complete the
16 depositions, but plaintiffs resisted, noting that the case management order provided two months
17 in which to accomplish post-disclosure discovery.  Decl. of C. Steven Fury (Dkt. # 72-1), Ex. 11.
18 When defendants identified three experts, Dyer, Paxson, and Morse, for deposition, plaintiffs did

---

[2] Plaintiffs' extensive and indiscriminate identification of "each individual likely to have discoverable information" may be objectionable, but it does not justify the additional depositions. Plaintiffs arguably used the Rule 26(a)(1)(A)(i) disclosures to hide the ball:  rather than disclose only those witnesses plaintiffs "may use to support [their] claims," as required by the rule, they appear to have listed every person who was present on or near the vessel on January 16, 2010, and who may be familiar with Mr. Murray's post-accident deficits, regardless of whether plaintiffs have any intention of calling them at trial to support their claims.  Had defendants sought the Court's intervention to compel plaintiffs to cull their disclosures, the motion would likely have been granted.  As it was, however, plaintiffs provided basic information regarding the witnesses' connection with the case, and defendants made knowing choices regarding their deposition strategy with full knowledge of the limitations imposed by Rule 30(a)(2)(A)(i).

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO TAKE ADDITIONAL DEPOSITIONS  -2-

not object regarding the number of depositions noted and promptly advised that the three experts were available within the time frames requested.  Second Decl. of Barbara L. Holland (Dkt. # 78), Ex. B.  Plaintiffs also took the initiative to provide information regarding the availability of their damage experts and Mr. Murray's main treating physicians.  Decl. of C. Steven Fury (Dkt. # 72), Exs. 7-9.  Thus, plaintiffs were previously willing to schedule ten depositions, including four of the eight depositions defendants now seek, on or before April 15th.  On March 26th, plaintiffs' counsel reiterated that he would do his "very best to provide dates for depositions of any witnesses [defendants] wished to depose," but pushed defendants to identify the witnesses sooner rather than later because "professional witnesses are . . . not typically available on a very short time frame."  Decl. of C. Steven Fury (Dkt. # 72-1), Exs. 11-12.  The same message was conveyed on April 1st, at which point defendants advised that they would like to take the depositions at a later time.  Decl. of C. Steven Fury (Dkt. # 72-1), Exs. 14-15.

        The record shows that defendants failed to follow up on their request for deposition dates for approximately a month.[3]  Despite the fact that plaintiffs had shown a willingness to allow defendants to exceed the ten-deposition limit and had provided (and revised) dates on which their experts were available for deposition, defendants waited until April 14th to announce that they would like to schedule nineteen depositions between April 21st and May 9th.  Second Decl. of Barbara L. Holland (Dkt. # 78), Ex. C.  Plaintiffs refused to stipulate to this aggressive schedule, and defendants filed this motion on April 17th.  Two of the nineteen

---

[3] Defendants now assert that they were so convinced by plaintiffs' argument regarding the order in which expert disclosures should be made and the depositions taken that they "agreed to wait to take these depositions until after issuing their experts' rebuttal reports."  Reply (Dkt. # 77) at 5.  There is no indication that plaintiffs were told of this supposed agreement, however, and they in fact had insisted that discovery be completed on time and continued to press defendants for a list of deponents so that the depositions could be scheduled.  Before defendants took the risk of sidelining themselves from discovery based on their own calculation of what was "fair," they should have reached an agreement with plaintiffs to extend the discovery deadline or obtained an amended case management schedule.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO TAKE ADDITIONAL DEPOSITIONS   -3-

requested depositions were scheduled between April 14th and the close of discovery on May 11, 2014.

Federal Rule of Civil Procedure 30(a)(2)(A)(i) presumptively limits the number of depositions in a civil action to ten per side. The Court relies on this limitation in setting the case management schedule: two months is allocated between the exchange of expert reports and the close of discovery knowing that, even if the case relies heavily on expert testimony, the parties have such a limited number of depositions that they can normally be scheduled and conducted in the time allowed without impacting the dispositive motion and trial schedule. Although the Court has the authority to alter the discovery limits imposed by the rules (Fed. R. Civ. P. 26(b)(2)(A)), the party seeking to exceed the limit has the burden of making a particularized showing of need for each additional deposition. Thykkuttathil v. Keese, 294 F.R.D. 601, 602 (W.D. Wash. 2013). In addition, defendants bear the burden of showing good cause to extend the discovery deadline. Fed. R. Civ. P. 16(b)(4).

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

Defendants have not made much of a showing regarding their need to depose any of the witnesses discussed in their motion. They do little more than identify the contours of the witnesses' potential testimony and argue that they must be permitted to depose anyone plaintiffs may call at trial in order to avoid surprise. If such a generalized need-to-avoid-surprise rationale were sufficient, the limitation on the number of depositions imposed by the rules would be

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO TAKE ADDITIONAL DEPOSITIONS -4-

essentially meaningless. On the other hand, plaintiffs had, until recently, been willing to concede that some additional depositions were necessary and appropriate in this case. Plaintiffs have made no attempt to explain why their willingness to cooperate in the scheduling of the depositions evaporated a month before the discovery cutoff passed. Plaintiffs were apparently willing to schedule ten depositions between March 26th and April 15th, but could only manage to schedule and defend two depositions between April 14th and May 11th.

Having reviewed the memoranda, declarations, and exhibits in this matter, the Court finds as follows:

- Drs. Tempest, Cahn, and Glisky – Defendants have made an adequate showing of need and diligence with regard to these witnesses. Although defendants have the witnesses' expert reports and chart notes, defendants are justifiably interested in having the opportunity to probe the opinions offered before going before the jury. Plaintiffs tacitly acknowledged the need for these depositions when they offered dates shortly after the expert reports were exchanged. Delaying the depositions of these witnesses until after the experts generated their reports was sensible, and there was still adequate time to schedule the depositions when plaintiffs balked.

- Drs. Kojnok and DeSautel – Defendants have not made an adequate showing of diligence with regards to these witnesses, both of whom were disclosed in February 2013. Defendants offer no explanation for their failure to depose these witnesses earlier.

- Dr. Lee – Defendants have made an adequate showing of need and diligence with regards to this witness. Dr. Lee was first disclosed on March 12, 2014, and has information regarding a significant aspect of Mr. Murray's claimed damages. There was adequate time to schedule the deposition when plaintiffs balked.

- Rule 30(b)(6) Designee of ILWU Local 19 –  Defendants have not made an adequate showing of need or diligence with regards to this deposition. The election procedures of the union that currently employs Mr. Murray is of relatively minor significance to this case, and

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO TAKE ADDITIONAL DEPOSITIONS  -5-

defendants were aware of the issue since Mr. Murray was deposed in September 2013. To the extent defendants' discovery efforts aimed at the union were stymied, they had other options for compelling the production of the requested information.

- Captain Paxson – Defendants have made an adequate showing of need and diligence with regards to this witness. Although defendants have his expert report, they are justifiably interested in having the opportunity to probe the opinions offered before going before the jury. Plaintiffs tacitly acknowledged the need for this deposition when they offered dates shortly after the expert report was exchanged. Delaying Captain Paxson's depositions until after he had generated his expert reports was sensible, and there was still adequate time to schedule the deposition when plaintiffs balked.

For all the foregoing reasons, defendants' motion is GRANTED in part and DENIED in part. The parties shall work together to schedule the depositions of Dr. Tempest, Dr. Cahn, Dr. Galinsky, Dr. Lee, and Captain Paxson within twenty-one days of the date of this Order. The remaining case management deadlines are unchanged.

Dated this 22nd day of May, 2014.

Robert S. Lasnik
United States District Judge