UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ROGER and ELISE MURRAY,             )
                                    )   No. C12-1854RSL
              Plaintiffs,           )
       v.                           )
                                    )   ORDER DENYING DEFENDANTS'
SOUTHERN ROUTE MARITIME, S.A.,      )   MOTION FOR SUMMARY
*et al.*,                           )   JUDGMENT AND MOTION TO
                                    )   EXCLUDE EXPERTS
              Defendants.           )
_____)

This matter comes before the Court on "Defendants' Motion for Summary Judgment" (Dkt. # 86) and "Defendants' Motion to Exclude Expert Witnesses" (Dkt. # 90). Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

(1) There is admissible evidence, both direct and circumstantial, from which a reasonable fact finder could conclude that plaintiff was shocked while working aboard the M/V APL IRELAND. Mr. Murray has personal knowledge of what he experienced that night, and he need not be an electrician or a serial victim of electrocutions to testify that he felt a jolt of

---

[1] The motions can be decided on the papers submitted. Plaintiffs' requests for oral argument are therefore DENIED.

ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND MOTION
TO EXCLUDE EXPERTS

1  electricity in his right arm that radiated across his chest and into his left arm.  The evidence
2  would also support a reasonable inference that the shock was caused by a faulty light fixture
3  hanging in the vicinity.  Defendants may, of course, challenge the fact of a shock, its source, and
4  the extent of damages, but they are not entitled to judgment as a matter of law on these issues.

       (2)  Experts regularly rely on facts about which they have no personal knowledge when developing their opinions.  If plaintiff is unable to convince the jury that he was, in fact, shocked while working aboard defendants' vessel, the jury will undoubtedly discount any expert opinion that presumes that fact.

       (3)  Defendants initially sought a determination that "no reasonable fact finder could find there is sufficient admissible evidence to prove Plaintiff suffered an electrical shock" (Dkt. # 86 at 2) and that in the absence of proof of shock, the experts' opinions must be excluded as "baseless speculation and conjecture" (Dkt. # 90 at 2).  Arguments raised for the first time in reply (such as the request to exclude Dr. Morse's opinions because he did not follow his own methodology) have not been considered.  Nor has the Court considered the deposition testimony of Dr. Glisky.

       (4)  Mr. Murray's treating physicians would properly have considered his self-report of an electric shock when developing a diagnostic and treatment plan.  Their opinions regarding the existence of a shock are also supported by objective findings and are therefore admissible.  To the extent the treating physicians are merely parroting Mr. Murray's statements regarding the source of the electric current, however, those statements were not necessary to obtaining treatment, were not based on Mr. Murray's personal knowledge, and are inadmissible.

ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND MOTION
TO EXCLUDE EXPERTS                           -2-

For all of the foregoing reasons, defendants' motions for summary judgment and to exclude expert witnesses are DENIED. Plaintiffs may not, however, rely on conclusory statements in the medical records regarding the source of the electricity that allegedly shocked Mr. Murray on January 16, 2010.

Dated this 6th day of August, 2014.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND MOTION
TO EXCLUDE EXPERTS                    -3-