UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ROGER and ELISE MURRAY,          )
                                 )   No. C12-1854RSL
             Plaintiffs,         )
     v.                          )
                                 )   ORDER DENYING DEFENDANTS'
SOUTHERN ROUTE MARITIME, S.A.,   )   MOTION FOR NEW TRIAL OR
*et al.*,                        )   REMITTITUR
                                 )
             Defendants.         )
_____)

This matter comes before the Court on "Defendants' Motion for New Trial or Remittitur." Dkt. # 250. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**1. Weight of the Evidence**

The evidence presented at trial was sufficient to support the verdict of the jury. Even if the Court excludes from consideration all disputed expert testimony, the jury reasonably found that Mr. Murray suffered a shock on January 16, 2010, that a light fixture on the APL IRELAND was the source of the electricity, and that his symptoms and injuries were causally related to the shock (regardless of whether a conversion disorder played a part in their scope or

---

[1] Plaintiffs' motion to strike (Dkt. # 265) is DENIED.

ORDER DENYING DEFENDANTS'
MOTION FOR NEW TRIAL

severity). The jury's verdict was not against the weight of the evidence.

**2. Statements of Vessel's Crew**

The Court found, and again reiterates, that the statements contained in Exhibits 28, 30, 31, 396, 397, and 398 were made by defendants' employees on a matter within the scope of their employment relationship. The statements are, therefore, not hearsay and were admissible under Fed. R. Ev. 801(d)(2)(D). At least two of the exhibits were also admissible under the business records exception to the hearsay rule. In any event, and as the Court stated during trial, the documents were relatively unimportant in that they repeated things about which other people had already testified. Their admission into evidence was not error: if it were, it was harmless.

**3. Argument Regarding Crew Statements**

Plaintiffs' counsel suggested reasonable inferences based on the admissible crew statements (and other record evidence), defendants did not object at the time the arguments were made, and the jury was repeatedly reminded that the arguments of counsel are not evidence. Defendants have not scaled the "high threshold" that applies "to claims of improper closing arguments in civil cases raised for the first time after trial." Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1193 (9th Cir. 2002).

The Master's Damage Report (Ex. 28) included a statement that the temporary lights should be replaced with waterproof lights. In a memorandum submitted before trial, defendants argued that the statement was inadmissible under Fed. R. Ev. 407. The Court deferred ruling, however, noting that whether the replacement of the light fixtures on the vessel could be properly used for impeachment or other proper purposes would be best determined after considering the context in which the evidence was offered. The issue was never raised again. When plaintiff sought to admit the crew statements into evidence, defendants objected on the grounds that they were translations, hearsay not subject to an exception, and/or irrelevant. The statements were admitted, and no objection was raised when plaintiffs' counsel referred to them

ORDER DENYING DEFENDANTS'
MOTION FOR NEW TRIAL                -2-

in closing.  The Court finds that the evidence regarding remedial measures could be properly used for impeachment and that defendants waived their Rule 407 objection.

### 4. Jury Instructions

Defendants object to a portion of the Court's "reasonable care" instruction and the failure to make clear that "certain dangers that may be hazardous to unskilled persons need not be remedied if an expert and experienced stevedore could safely work around them." Dkt. # 250 at 10.  The Court's instructions accurately and adequately described the duties of vessel defendants, including the fact that longshoremen working aboard the vessel are presumed to be expert and experienced and are expected to exercise reasonable care for their own safety.  Under this instruction, defendants could, and did, make the argument that the accident was caused by Mr. Murray's failure to exercise reasonable care when he descended the ladder while carrying a piece of rebar in his hand:  the jury simply disagreed with them.

Proposed instructions regarding duties owed to and by Mr. Murray's employer were rejected primarily because (a) there was no evidence regarding any potential breach of the employer's duties and (b) given the factual issues in this case, the law was more clearly and succinctly stated in terms of defendants' duty to turn over a vessel in such condition that a specifically-described longshoreman could safely work upon it.  There was no need to confuse the jury with references to a stevedoring company that was barely mentioned and a non-factor at trial.  To the extent defendants are challenging the phrase "owe to longshoremen" in line 2 of Instruction No. 14, the Court has no independent memory of defendants raising that issue during trial.  If the phrase were truly objectionable or at all momentous, a timely objection would have given the Court an opportunity to remedy any alleged confusion, ambiguity, or error.

Defendants' proposed "Temporal Relationship" instruction was primarily argument and therefore unnecessary.  The instructions given by the Court did not preclude defendants from challenging plaintiffs' causation evidence in any way they saw fit.  Finally,

ORDER DENYING DEFENDANTS'
MOTION FOR NEW TRIAL                    -3-

defendants were not entitled to an instruction on adverse inferences. Plaintiffs protected their work product, as was their privilege in this litigation. Allowing the jury to draw adverse inferences when a party declines to produce its work product would eviscerate the protection to which it is entitled.

**5. Expert Testimony**

The Court declines to reconsider its Daubert rulings at this point in the litigation. These matters were fully briefed, the Court heard oral argument, and made detailed rulings regarding each of the challenged experts. Although the Court excluded some portions of the testimony, it generally found the experts' opinions to be both reliable and helpful to the jury. Contrary to defendants' argument, it is the methodology employed in developing an expert's opinions, not the substance of those opinions, that must be generally accepted in the scientific community. No error has been shown, much less an error giving rise to a miscarriage of justice.

For all of the foregoing reasons, defendants' motion for a new trial (Dkt. # 250) is DENIED. To the extent any errors may have been made, they do not warrant invalidating a verdict that is supported by the remaining evidence and based on an accurate statement of the governing law. Defendants' alternative request for remittitur is also DENIED. Requiring defendants to abide by the will of the jury in this case will in no way result in a miscarriage of justice.

Dated this 10th day of February, 2015.

Robert S. Lasnik
United States District Judge